In the Interest of Paul Douglas Strode, a child under the age of eighteen years.
Paul Douglas STRODE, Appellant,

v.

Wade BRORBY, County and Prosecuting Attorney for Campbell County, Wyoming, Appellee.

No. 3861.

Supreme Court of Wyoming.

Dec. 15, 1970.

William D. Norman, Gillette, for appellant.

James E. Barrett, Atty. Gen., Frederic C. Reed, Asst. Atty. Gen., Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

PER CURIAM.

The prosecuting attorney of Campbell County initiated an action in juvenile court against Paul Douglas Strode, fourteen, alleging the taking of another's automobile, and caused order of hearing for violation of § 31–317, W.S.1957, C. 1967, informing Strode of his rights, to be served upon him and his mother. At the hearing, Strode appeared with his mother and stepfather, was advised of his constitutional rights, including the right to counsel; and all three indicated they did not want an attorney, waiving the right to have one. Strode upon questioning admitted the allegations of the petition. To inquiry by the court concerning the youth's being out of control the mother responded, "Well, he's never been into trouble of any kind before. He's

never given us any trouble, even at home. And he does go to school every day. * * * He's a real poor student this year and, however, they've been putting him in special classes and he's improved a great deal." The prosecuting attorney also indicated that Strode had not been in prior difficulty. The court said it was too serious an offense to overlook and that he would sentence the youth to the Industrial Institute.

Following the sentencing, counsel appeared on behalf of Strode and moved for review of sentence under Rule 33, W.R. Cr.P., on the ground that the parents had relied upon the juvenile court to order a social summary concerning Strode's background and character, which factors they assumed would be considered by the court in disposition of the charges. At the hearing counsel requested, and the court allowed, an amendment to proceed with his motion under Rule 36, W.R.Cr.P. Counsel then, on the ground that no social summary had previously been conducted, asked to present as witnesses the psychiatrist who had dealt with the young man, the school guidance counselor, the parents, and the county welfare worker, to indicate that Strode was a good boy and his conduct warranted parole. The court asked:

"Why does the Court have to have a social summary? Look at the Gault case.

"[Counsel:] * * * I'm fairly familiar with it.

"THE COURT: You're not very familiar with it, because the Gault case says you shouldn't."

Thereafter the court rejected the proffered testimony and denied the motion, from which order and the original judgment this appeal is taken.[1]

The basic contention in the appeal is that under § 14–104, W.S.1957, C.1965,[2]

---

1. Although appellee has moved for dismissal on the grounds of improper service of briefs, we are unconvinced of the merit of his position.

2. "When a petition has been filed, it shall be the duty of the court to order a social investigation to be made concerning the child named in the petition, and to re-

the court is required to order a social investigation and failure of the court so to do and to consider that information in the dispositional proceeding is an abuse of discretion, constituting prejudicial error.

No precedent has here been cited concerning either an identical statute or the results of a violation. Instead, the parties have assumed to discuss aspects of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527, and deal in generalities regarding the concept of juvenile delinquency proceedings. The appellee points out that the social investigation requirement is limited by § 14–108(c), W.S.1957, C.1965, which provides in part, "The written report concerning the social investigation of the child shall not be admissible as evidence to prove the fact or falsity of the matters alleged to bring the child within the jurisdiction of this article," and while recognizing that such investigation could have been used at the dispositional stage of the proceeding, he insists that the determination to order and make use of such report is entirely discretionary with the court, being in the nature of a presentence investigation, and cites Rule 33(c), W.R.Cr.P.,[3] with cases holding that presentence investigation may be dispensed with if the trial judge in the exercise of judicial discretion determines it is unnecessary and will not be of benefit in fixing the proper and just sentence. In so doing, appellee overlooks the significant difference in that rule and § 14–104, the former providing "unless the court otherwise directs" and the latter stating "it shall be the duty of the court to order a social investigation." We note the court's reason, which was advanced for the rejection of the motion, viz., the ordering of a social investigation was in conflict with Gault. Such hypothesis is erroneous; we construe the Gault opinion to hold that a social summary although impermissible of observation by the court or use in the adjudicatory stage may be desirable in the dispositional phase.[4] That obligation of the court under our statute (§ 14–104) is unavoidable.

This proceeding was brought under the Juvenile Court Act, the provisions of which are cumulative and do not in the first instance preclude prosecution under appropriate criminal statutes and rules. However, since the provisions of the Act were here followed and counsel relies in the appeal on its provisions, we are disconcerted in observing the injection of the criminal rules in the "Motion for Review of Sentence." Furthermore, § 14–108(c) states, "In all cases brought or administered under the provisions of this article, the court shall be regarded as exercising *equity* jurisdiction. The court shall conduct the hearing according to the *civil procedures* presently prescribed by statute * * *." (Emphasis supplied.) It is patent that since the court in this instance made no initial determination of the rules to be applied under Rule 51(b), W.R.Cr.P., the mentioned Act controlled. Hence, the order dismissing the motion was proper. Nevertheless, the appeal in this instance was from the original judgment as well as the order dismissing the motion. Despite the fact that the main thrust of counsel's argument here is against the ruling on the motion, we hold that the failure of the court to order a social investigation and to consider it at the dispositional stage was improvident; accordingly, the cause is reversed and remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

---

quire a written report thereof to be submitted to the court. The judge is hereby empowered to request the social services of the *county department of public welfare* or of any other trained social worker available."

3. "The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs."

4. In re Gault at 387 U.S. 31 (n. 48) and 57 (n. 98), 87 S.Ct. 1428.